Hillsborough,
No. 4913.

SHARON WHEELER, *by her mother and next friend & a.*

*v.*

MONADNOCK COMMUNITY HOSPITAL.

Argued April 4, 1961.

Decided May 31, 1961.

*Walter Gentsch* and *McLane, Carleton, Graf, Greene & Brown* (*Mr. Brown* orally), for the plaintiffs.

*Devine, Millimet & McDonough* and *John S. Holland* (*Mr. Holland* orally), for the defendant.

KENISON, C. J. In this jurisdiction it is established doctrine that hospitals and charitable institutions enjoy no immunity from liability for negligence. *Welch* v. *Hospital,* 90 N. H. 337; anno. 25 A.L.R. 2d 29. Their duty to trespassers, licensees, and invitees is the same as any other individual or corporation. One of the accepted facts of modern living is that hospitals expect visitors for their patients and that in the normal course of events they may bring their children with them to the hospital subject to such regulations as the hospital may prescribe.

A sick aunt who occupied a room on the first floor of the hospital had asked for the six-year-old plaintiff and her eight-year-old brother and the parents took them to visit her. By regulation and custom children were not allowed in the rooms of patients but were allowed to "visit through the window." The children did visit the aunt in this manner and played on the lawn outside the window where they were told to stay while their parents were inside the hospital. Near a parking lot was a retaining wall seven to nine feet high, a portion of which was unguarded and unprotected by a fence. Children had in the past played in the area and the hospital officials frequently "warned the children to stay away from the area." The plaintiff child, who was following her brother in walking on the retaining wall, took two or three steps and fell to the level below.

The evidence justified a finding by the jury that the defendant created and maintained a hazard which was a known dangerous condition not likely to be appreciated by young children in the absence of adequate warning by the hospital. *McCaffrey* v. *Company*, 80 N. H. 45, 49; James, Tort Liability, 63 Yale L. J. 144, 176; *Labore* v. *Company*, 101 N. H. 123, 125. There was no warning to this injured child and the retaining wall from the side from which she approached it had the appearance of a low curb. See Keeton, Personal Injuries Resulting From Open and Obvious Conditions, 100 U. of Pa. L. Rev. 629. No good reason appeared why a part of the retaining wall was unguarded and unprotected particularly in view of the fact that the hospital officials were aware that this area was not safe for children. The defendant's conduct could be found to constitute negligence. Restatement, Torts, s. 342, *comment* b; *Nickerson* v. *Association*, 96 N. H. 482.

The Trial Court correctly instructed the jury that the plaintiff was a gratuitous licensee and not a trespasser. *Sandwell* v. *Elliott Hospital*, 92 N. H. 41; *Nickerson* v. *Association*, *supra*. See Restatement, Torts, Second (Tent. Draft No. 5, 1960) s. 343B. The phrase "gratuitous licensee" may not be a happy one (Restatement, Torts, s. 331) and it may be eliminated in the future (see Restatement, Torts, Second, s. 331 (Tent. Draft No. 5, 1960)), but the instructions given were an accurate application of the law as it has developed in this state. See *Maxfield* v. *Maxfield*, 102 N. H. 101, 103; *Davis* v. *Company*, 100 N. H. 12, 14.

The defendant contends that the Court's charge to the jury on the contributory negligence of the plaintiff child was erroneous in that the Court "in effect, took away from the jury that question." The charge in this instance could have been stated differently but the jury were informed that the child "is chargeable with a duty, at least, of conducting herself as a child of that age would be expected to . . . . " We cannot say that the instructions stated the issue in a way that could mislead the jury or that in the circumstances they were prejudicial to the defendant. *Charbonneau* v. *MacRury*, 84 N. H. 501; *Dorr* v. *Railway*, 76 N. H. 160. Restatement, Torts, s. 464. Prosser, Torts (2d *ed.*) p. 128; 2 Harper & James, Torts, s. 16.8 (1956).

The denial of the defendant's motions for nonsuit, directed verdict, judgment notwithstanding the verdict and a new trial present no error and the verdicts are substantiated by the record. Anno. 71 A.L.R. 2d 427.

The plaintiff asks us to overrule *Sandwell* v. *Elliott Hospital*, 92 N. H. 41, even though that is not necessary to sustain this verdict. We think a more appropriate time to consider the matter would be a case where both parties have an opportunity to argue the question in the light of the changes and developments that are being considered in chapter 13, Liability for Condition and Use of Land in Restatement, Torts, Second (Tent. Draft No. 5, 1960) and (Tent. Draft No. 6, April 7, 1961).

*Judgment on the verdicts.*

All concurred.